❒ Original          ❒ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>Records and information associated with the<br>cellular telephone assigned call number (480)<br>310-6543, as further described in Attachment A | )<br>)<br>)<br>)<br>)<br>) | Case No. 25-821M(NJ)<br><br>Matter No. 2022R00505 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before 2/27/2025 _____ *(not to exceed 14 days)*

❒ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Hon. Nancy Joseph _____.
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial) and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☑ for _30_ days *(not to exceed 30)*   ❒ until, the facts justifying, the later specific date of _____.

Date and time issued: 2/13/2025 @ 4:45pm _____          *[signature]*
                                                                            *Judge's signature*

City and state:  Milwaukee, WI _____          Honorable Nancy Joseph, U.S. Magistrate Judge
                                                                            *Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

       I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

***Property to Be Searched***

1.      Records and information associated with the cellular telephone assigned call number (480) 310-6543, with listed subscriber Brian Wilbert (the "TARGET CELLPHONE"), whose service provider is AT&T, a wireless telephone service provider headquartered at 11760 U.S Highway 1, Suite 600, N. Palm Beach, Florida, 33408.

2.      The TARGET CELLPHONE.

**ATTACHMENT B**
**Matter No. 2022R00505**

*Particular Things to be Seized*

**I.      Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

    a.  The following subscriber and historical information about the customers or subscribers associated with the Target Cell Phone for the time period from January 1, 2025, to the present:

        i.   Names (including subscriber names, usernames, and screen names);

        ii.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii. Local and long-distance telephone connection records;

        iv.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v.   Length of service (including start date) and types of service utilized;

        vi.  Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

        vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

        viii. Means and source of payment for such service (including any credit card or bank account number) and billing records**[. OR**; and**]**

ix. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Target Cell Phone, including:

(A) the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

(ii) information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received).

b. Information associated with each communication to and from the Target Cell Phone for a period of 30 days from the date of this warrant, including:

i. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

ii. Source and destination telephone numbers;

iii. Date, time, and duration of communication; and

iv. All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the Target Cell Phone will connect at the beginning and end of each communication.

The Court has also issued an order pursuant to 18 U.S.C. § 3123, dated today, for such information associated with the Target Cell Phone.

c. Information about the location of the Target Cell Phone for a period of 30 days, during all times of day and night. "Information about the location of the Subject Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information.

i. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Provider, the Provider is required to disclose the Location Information to the government. In addition, the Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on the Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Provider for reasonable expenses incurred in furnishing such facilities or assistance.

3

      ii. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II.     Information to be Seized by the Government

All information described above in Section I that will assist in arresting **Brian Wilbert**, who was charged with committing the following violations: Conspiracy to Distribute Cocaine, and Possession with the Intent to Distribute Cocaine and Marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(D), and 846, and Title 18, Untied States Code, section 2(a), committed between November 2017 and November 20, 2024, charged on December 17, 2024, is the subject of an arrest warrant issued on December 17, 2024, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

4

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | ) Case No. 25-821 M(NJ) |
| Records and information associated with the cellular | ) Matter No. 2022R00505 |
| telephone assigned call number (480) 310-6543, as | ) |
| further described in Attachment A | ) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

❑ contraband, fruits of crime, or other items illegally possessed;

❑ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) & 846 | Distribution and possession with the intent to distribute controlled substances; and Conspiracy to possess with the intent to distribute controlled substances. |

The application is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Curt R Hansen*

*Applicant's signature*

Curt Hansen, HSI SA

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

telephone _____ *(specify reliable electronic means)*.

Date: 2/13/2025

*Judge's signature*

City and state: Milwaukee, WI

Honorable Nancy Joseph, U.S. Magistrate Judge

*Printed name and title*

I, HSI Special Agent Curt Hansen, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number (480) 310-6543, with listed subscriber Brian Wilbert (the "**TARGET CELLPHONE**"), whose service provider is AT&T, a wireless telephone service provider headquartered at 11760 U.S Highway 1, Suite 600, N. Palm Beach, Florida, 33408.  The **TARGET CELLPHONE** is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.      Because this warrant application seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), I also make this affidavit in support of an application by the United States of America for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the Target Cell Phone.

3.      I am a Special Agent ("SA") with the United States Department of Homeland Security, Homeland Security Investigations (HSI), assigned to the Resident Agent in Charge (RAC) Milwaukee, Wisconsin.  I have been employed with HSI as a Special Agent for

approximately three years. Prior to employment with HSI, I worked as a Deputy United States Marshal, Federal Air Marshal, and United States Border Patrol Agent. I have been a sworn federal law enforcement officer specifically investigating crimes involving narcotics, firearms, smuggling, terrorism, and immigration since September 2011. Throughout my law enforcement career, I have received training in general law enforcement and in specialized areas including narcotics and human smuggling. I am an investigator or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses. Since becoming employed as a federal agent, I have completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Brunswick, Georgia. As part of my duties and responsibilities as an HSI Special Agent, I am authorized to investigate crimes that involve narcotics violations pursuant to Title 21, United States Code.

4.      As part of my duties as an HSI Special Agent, I have experience conducting criminal investigations involving narcotics, firearms, gangs, and human smuggling and have participated in the execution of search warrants in such investigations. I am familiar with various methods of smuggling and trafficking narcotics and other controlled substances and the proceeds from sale of such substances. I am also familiar with methods used to evade detection of both the controlled substances and the proceeds from their sale that are used by drug traffickers. Through my training and experience, I am familiar with the way in which narcotic traffickers conduct their business, including, but not limited to: the types and amounts of drugs distributed; the types and amounts of profits made; the methods of importing and distributing controlled substances; the use of mobile telephones, email accounts, and the Internet to facilitate their transactions; and the use of numerical codes and code words to conduct their dealings.

2

5.      I have participated in investigations that have led to the issuance of search warrants involving violations of narcotic laws.  These warrants involved the search of locations including: residences of targets, their associates and relatives; "stash houses" (i.e., houses used as drug/money storage locations); storage facilities; cellular/camera phones; and computers. Evidence searched for and recovered in these locations has included controlled substances, records pertaining to the expenditures and profits realized from the distribution and sale of controlled substances, and monetary instruments and various assets that were purchased with the proceeds of the drug trafficking.  I have participated in the execution of multiple federal search warrants.

6.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only, all amounts or sums are approximate, and all dates and times are on or about those indicated. Throughout this affidavit, reference will be made to case agents or investigators. Case agents or investigators are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your Affiant has had regular contact regarding this investigation.  The investigators included a licensed Certified Public Accountant who retired after 28 years as a criminal investigator with the Internal Revenue Service and has contracted since 2011 as a Senior Financial Investigator with the federal Bureau of Alcohol, Tobacco, Firearms and Explosives.

3

7.     On December 17, 2024, a Grand Jury indictment was filed, and an arrest warrant was issued, for Brian Wilbert (DOB: 02/22/1979) for the following charges: Conspiracy to Distribute Cocaine, and Possession with the Intent to Distribute Cocaine and Marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(D), and 846, and Title 18, Untied States Code, section 2(a).  Wilbert was charged along with four other co-defendants, all of whom have been arrested, including Antonio Long, believed to be Wilbert's relative.

8.     There is probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting Brian Wilbert who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

9.     The Court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711.  Specifically, the Court is a district court of the United States that has jurisdiction over the offenses being investigated; *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

10.    The United States, including Homeland Security Investigations (HSI), is conducting a criminal investigation of Brian WILBERT the following crimes: Conspiracy to Distribute Cocaine, and Possession with the Intent to Distribute Cocaine and Marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(D), and 846, and Title 18, Untied States Code, section 2(a).

11.    On December 17, 2024, an arrest warrant was issued by the Eastern District of Wisconsin for Brian Wilbert following a Grand Jury indictment.  Prior to Wilbert's indictment, he was apprehended in the Eastern District of Wisconsin with a significant amount of cocaine

4

and marijuana in November 2022.  Wilbert remains in warrant status, and I believe that location data from Wilbert's cell phone will aid in locating this fugitive.

12.    On October 19, 2022, law enforcement obtained a search warrant to track the location of Wilbert's 2019 White Ford Transit Van, bearing Arizona license plate number Z6A6CAA   On November 21, 2022, at approximately 9:00 AM, the Waukesha County Drug Group stopped Wilbert's white Ford van on Interstate 43 near the city of Mukwonago, Wisconsin.  Wilbert was the driver and sole occupant. This area is in the southeastern corner of Waukesha County, Wisconsin within the Eastern District of Wisconsin.  A K9 alerted to the presence of narcotics in the vehicle and the vehicle was later searched.  The search yielded 3.7 kilograms of cocaine/fentanyl mix, 23.22 kilograms of marijuana, and 889 grams of psilocybin. All items were seized, and Wilbert was taken into custody.

13.    On November 21, 2022, after being advised of and waiving his rights, Wilbert made a statement against his own penal interest.  Wilbert admitted that he drove to Los Angeles on November 18, 2022, where he picked up cocaine.  Wilbert admitted he had been transporting cocaine in this manner for the past three years.  Wilbert stated he contacts his co-conspirator by using WhatsApp and showed case agents a text thread in WhatsApp between Wilbert and a co-conspirator.  Case agents viewed the text thread in which the co-conspirator gave Wilbert instructions on when and how to pick-up cocaine.  Wilbert stated when he stopped at the location in California, a third party carrying a medium-sized black tote with a yellow lid placed the tote in Wilbert's van and walked back to the jewelry store.  Wilbert said every time he has picked up narcotics from this location, the narcotics were always in the exact same type of tote.  Notably, the cocaine/fentanyl located in Wilbert's van on November 21, 2022, was stored inside a medium-sized black tote with a yellow lid. Wilbert stated after he received the cocaine, Wilbert

5

drove south to a warehouse in California. Wilbert stated he was there for about an hour while a group of men canned and loaded marijuana in his van. The marijuana located in Wilbert's van on November 21, 2022, was stored in large aluminum cans that were sealed. Wilbert stated that after the marijuana was loaded into his van, he left the area and began driving toward Wisconsin. Wilbert claimed he was going to drive to Milwaukee, Wisconsin to meet one of the co-conspirators to deliver the narcotics load. Wilbert stated that for years, he has delivered narcotics to this co-conspirator. Wilbert said that Wilbert and others would coordinate cocaine shipments multiple times per month and had done so for over three years.

14. Further, during this *Mirandized* interview, Wilbert provided case agents with his cellular telephone number **(480) 310-6543** (**TARGET CELLPHONE**) and stated he would maintain contact with case agents. Wilbert still maintains the TARGET CELLPHONE as of present. Case agents submitted a subpoena to AT&T on January 28, 2025, which revealed Wilbert actively uses the TARGET CELLPHONE and he has changed his residence from Arizona to Wisconsin. Wilbert previously resided in Gilbert, Arizona. According to the AT&T subscriber records received with the subpoena, Wilbert had changed his billing address to 3602 N 77th Street, Milwaukee, Wisconsin. The subpoena also displayed that Wilbert has had this phone number since May of 2021 and it shows his payments are up to date. The subscriber information explicitly lists Wilber as the sole person for the account. SA Hansen entered Wilbert's cellphone number into his agency issued iPhone. Once the number is entered, a photograph of Wilbert appears on the contact card. This would not happen if Wilbert did not maintain the cellphone number.

15. Wilbert is employed as a contract driver for shipping companies and regularly travels across the country. On January 29, 2025, Wilbert was inspected by Customs and Border

Protection while crossing into the United States from Canada. At the time of his crossing, Wilbert was driving a white 2018 Ram Promaster 1500 van bearing Wisconsin license plate TG7761. Through law enforcement databases, case agents were able to determine that Wilbert is rarely in any location for more than 24 hours due to his regular travel for work.

16. Based upon SA Hansen's training, experience, and the investigation to date, SA Hansen is aware that obtaining historical location data for a fugitive's cell phone can reveal patterns of movement and locations where the fugitive may be residing that will help case agents apprehend the fugitive.

17. In my training and experience, I have learned that AT&T is a company that provides cellular communications service to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

7

18.     Based on my training and experience, I know that AT&T can collect E-911 Phase II data about the location of the TARGET CELLPHONE, including by initiating a signal to determine the location of the TARGET CELLPHONE on AT&T's network or with such other reference points as may be reasonably available.

19.     Based on my training and experience, I know that AT&T can collect cell-site data on a prospective basis about the TARGET CELLPHONE.  Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer was connected at the end of the communication; and (5) the duration of the communication.   I also know that wireless providers such as AT&T typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

20.     Based on the foregoing, I request that the Court issue the proposed warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

21.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed.  There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705.  Providing immediate notice to the subscriber or user of the TARGET CELLPHONE would seriously jeopardize the ongoing investigation, as such a

8

disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

22.    I further request that the Court direct AT&T to disclose to the government any information described in Attachment B that is within the possession, custody, or control of AT&T. I also request that the Court direct AT&T to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with AT&T USA's services, including by initiating a signal to determine the location of the TARGET CELLPHONE on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

23.    I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the TARGET CELLPHONE outside of daytime hours.

24.    I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These

9

documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

**ATTACHMENT A**
**Matter No. 2022R00505**

***Property to Be Searched***

1.      Records and information associated with the cellular telephone assigned call number (480) 310-6543, with listed subscriber Brian Wilbert (the "TARGET CELLPHONE"), whose service provider is AT&T, a wireless telephone service provider headquartered at 11760 U.S Highway 1, Suite 600, N. Palm Beach, Florida, 33408.

2.      The TARGET CELLPHONE.

**ATTACHMENT B**
**Matter No. 2022R00505**

*Particular Things to be Seized*

**I. Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

    a. The following subscriber and historical information about the customers or subscribers associated with the Target Cell Phone for the time period from January 1, 2025, to the present:

        i. Names (including subscriber names, usernames, and screen names);

        ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii. Local and long-distance telephone connection records;

        iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v. Length of service (including start date) and types of service utilized;

        vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

        vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

2

viii.  Means and source of payment for such service (including any credit card or bank account number) and billing records**[. OR**; and**]**

ix.  All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Target Cell Phone, including:

(A) the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

(ii) information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received)

b.  Information associated with each communication to and from the Target Cell Phone for a period of 30 days from the date of this warrant, including:

i.  Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

ii.  Source and destination telephone numbers;

iii.  Date, time, and duration of communication; and

iv.  All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the Target Cell Phone will connect at the beginning and end of each communication.

The Court has also issued an order pursuant to 18 U.S.C. § 3123, dated today, for such information associated with the Target Cell Phone.

c.  Information about the location of the Target Cell Phone for a period of 30 days, during all times of day and night. "Information about the location of the Subject Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information.

i.  To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Provider, the Provider is required to disclose the Location Information to the government. In addition, the Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on the Provider's network or with such other reference points as

3

may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Provider for reasonable expenses incurred in furnishing such facilities or assistance.

ii. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to be Seized by the Government

All information described above in Section I that will assist in arresting **Brian Wilbert**, who was charged with committing the following violations: Conspiracy to Distribute Cocaine, and Possession with the Intent to Distribute Cocaine and Marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(D), and 846, and Title 18, Untied States Code, section 2(a), committed between November 2017 and November 20, 2024, charged on December 17, 2024, is the subject of an arrest warrant issued on December 17, 2024, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

4